IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE OHIO CASUALTY
INSURANCE COMPANY,

    Petitioner,

CASE NO.: 8:07-cv-01775-JSM-TGW

v.

AG-MART PRODUCE, INC., FRANCISCA
HERRERA and ABRAHAM CANDELARIO,
as parents and natural guardians of CHC,
a minor,

    Respondents.

_____/

**RESPONDENTS FRANCISCA HERRERA AND ABRAHAM CANDELARIO,
AS PARENTS AND NATURAL GUARDIANS OF CHC, A MINOR'S
ANSWER AND AFFIRMATIVE DEFENSES TO PETITIONER,
THE OHIO CASUALTY INSURANCE COMPANY'S
PETITION FOR DECLARATORY JUDGMENT**

Respondents Francisca Herrera and Abraham Candelario answer the Petition for Declaratory Judgment as follows:

1. The allegations of paragraphs 1, 2, 3, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19 are admitted.

2. With respect to the allegations of paragraph 20, it is admitted that the language of the Ohio Casualty policies states that Ohio Casualty is not required to assume charge of the investigation of any claim or defense. With respect to the remaining allegations of paragraph 20, the Respondents state that notwithstanding whether or not Ohio Casualty is obligated to provide a defense, it has the right and is entitled to be involved in or participate in such defense. Therefore, the remaining allegations of paragraph 20 are denied.

3.  With respect to the allegations of paragraph 21, it is admitted that the policy contains the quoted language. These Respondents deny that the quoted language is applicable to personal injuries sustained by the minor on account of pesticides sprayed on his parents working in the fields.

4.  With respect to the allegations of paragraph 26, the Respondents are without knowledge of any and all purported conditions precedent, and as to whether they have been complied with, have occurred, or have been waived. Therefore, the allegations of paragraph 26 are denied.

5.  The allegations of paragraphs 4, 5, 6, 22, 23, 24, and 25 are denied.

6.  Each and every other allegation not specifically admitted is denied.

## **AFFIRMATIVE DEFENSES**

7.  The exclusions on which the Petitioner relies are ambiguous, and therefore should be strictly construed against the Petitioner and in favor of the Respondents.

8.  The purported exclusions for pollutants are not applicable to a personal injury sustained by a minor, in utero, or prior to conception, when his parents were sprayed by pesticides in the field. Instead, such exclusions pertain to pollution of land, ground water, and the other types of pollutants that normally are included in State and Federal regulations and statutes with respect to pollution hazards and clean up funds.

Wherefore, these Respondents respectfully request that this Court declare that Ohio Casualty not only has a duty to indemnify Ag-Mart in connection with the *Candelario* lawsuit, but also declare that the exclusions are ambiguous, apply to the *Candelario* lawsuit, and that each policy attached as an Exhibit to Ohio Casualty's

*The Ohio Casualty Insurance Co. v. Ag-Mart, et al.*
Case No.: 8:07-cv-01775-JSM-TGW
Page 2

Declaratory Judgment action provides excess coverage of $20,000,000 each, available for the horrific injuries sustained by CHC and caused by these Respondents' exposure to pesticides applied by the insured, Ag-Mart. Further, these Respondents request a jury trial on all factual issues as to which a jury trial might be appropriate, costs and any and all attorneys' fees pursuant to Florida Statute §67.428, and improper denial of coverage, and such other further relief as this Court deems appropriate, including interest and costs.

> Grossman Roth, P.A.
> Counsel for Plaintiff
> 2525 Ponce de Leon Blvd.
> Suite 1150
> Coral Gables, Florida 33134
> (305) 442-8666
> (305) 285-1668 Fax
>
> BY: /s/ Seth E. Miles
>     SETH E. MILES
>     Fla. Bar # 385530

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished on this 19th day of December, 2007, via regular U.S. Mail to: Lisa A. Oonk, Esq., Litchfield Cavo LLP, Counsel for Petitioner, 5201 West Kennedy Blvd., Suite 450, Tampa, FL 33609; Facsimile #813-289-0692; Richard P. Byrne, Esq., L'Abbate, Balkan, et al, Counsel for Petitioner, 1001 Franklin Avenue, Garden City, NY 11530; Facsimile #516-294-8202; and to Jeffrey D. Fridkin, Esq., Grant, Fridkin, Pearson, Athan & Crown, P.A., Counsel for Respondent Ag-Mart, 5551 Ridgewood Drive, Suite 501, Naples, FL 34108; Facsimile #239-514-0377.

> Grossman Roth, P.A.
> Counsel for Plaintiff
> 2525 Ponce de Leon Blvd.
> Suite 1150
> Coral Gables, Florida 33134
> (305) 442-8666
> (305) 285-1668 Fax
>
> BY: /s/ Seth E. Miles
>     SETH E. MILES
>     Fla. Bar # 385530