IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE OHIO CASUALTY INSURANCE
COMPANY,

      Plaintiff

v.                                           Case No.: 8:07-cv-1775-T-30TGW

AG-MART PRODUCE INC., FRANCISCA
HERRERA and ABRAHAM CANDELARIO,

      Defendants.
_____/

## RESPONDENT AG-MART PRODUCE INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

RESPONDENT AG-MART PRODUCE INC. answers Plaintiff's Petition for Declaratory Judgment as follows:

1. Ag-Mart admits that Ohio Casualty has brought a declaratory judgment action, but denies that jurisdiction over this alleged controversy is appropriate.

2. Ag-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 2 and hence denies same.

3. Ag-Mart admits that it is a Florida corporation with its principal address and place of business in Plant City, Hillsborough County, Florida. Ag-Mart further admits that it plants and grows tomatoes. All other allegations of paragraph 3 not expressly admitted are denied.

4. Ag-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 4 and hence denies same.

5. Ag-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 5 and hence denies same.

6. Ag-Mart lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 6 and hence denies same.

7. Ag-Mart admits that Ohio Casualty's policy exceeds $75,000. All other allegations of paragraph 7 are denied.

8. Without waiving Ag-Mart's defense of absence of jurisdiction, Ag-Mart admits that venue is proper in this district.

9. Ag-Mart admits the policies attached as Exhibits A, B, C and D are true and correct.

10. Ag-Mart admits that Exhibit E is a true and correct copy of the Complaint filed against Ag-Mart.

11. Ag-Mart denies the allegations in paragraphs 11, 12, 13, 14 on the grounds that the deposition testimony expressly set forth in the transcripts is the best evidence of the statements testified to.

12. Ag-Mart admits that Ohio Casualty sent and Ag-Mart received Exhibit F as alleged in paragraph 15. All other allegations in paragraph 15 are denied.

13. Ag-Mart admits that Ohio Casualty sent and Ag-Mart received Exhibit G as alleged in paragraph 16. All other allegations in paragraph 16 are denied.

14. Ag-Mart admits that Ohio Casualty sent and Ag-Mart received Exhibit H as alleged in paragraph 17. All other allegations in paragraph 17 are denied.

15. Ag-Mart admits that Ohio Casualty sent and Ag-Mart received Exhibit I as alleged in paragraph 18. All other allegations in paragraph 18 are denied.

16. Ag-Mart denies the allegations in paragraph 19 on the grounds that they fail to state completely all necessary terms concerning coverage, and specifically the terms of first underlying insurance provided by Penn Millers and specifically incorporated into Ohio Casualty's underlying schedule of umbrella declarations.

17. Ag-Mart denies the allegations in paragraph 20 on the grounds that they fail to state completely all necessary terms concerning coverage, and specifically the terms of first underlying insurance provided by Penn Millers and specifically incorporated into Ohio Casualty's underlying schedule of umbrella declarations.

18. Ag-Mart denies the allegations in paragraph 21 on the grounds that they fail to state completely all necessary terms concerning coverage, and specifically the terms of first underlying insurance provided by Penn Millers and specifically incorporated into Ohio Casualty's underlying schedule of umbrella declarations.

19. Ag-Mart denies the allegations in paragraph 22.

20. Ag-Mart denies the allegations in paragraph 23.

21. Ag-Mart denies the allegations in paragraph 24.

22. Ag-Mart denies the allegations in paragraph 25.

23. Ag-Mart denies the allegations in paragraph 26.

## **AFFIRMATIVE DEFENSES**

24. This matter is not ripe for determination in federal court because no conditions precedent to Ohio Casualty's performance of its obligations under its excess insurance policy have arisen, and thus no actual or potential controversy exists at this time.

25. Ohio Casualty's Complaint fails to state a cause of action under the Declaratory Judgment Act for all the reasons set forth in *Ameritas Variable Life Insurance v. Roach*, 411 F. 3d 1328, at 1331 (11th Cir. 2005).

26. By virtue of Ohio Casualty's express inclusion and endorsement of Penn Millers' underlying insurance policies, which themselves provide insurance coverage for Ag-Mart's pesticide application practices, Ohio Casualty assumed excess and umbrella coverage beyond the underlying insurance limits of Penn Millers' endorsed policy.

## **DEMAND FOR ATTORNEYS' FEES**

27. Ag-Mart Produce, Inc., pursuant to applicable Florida law, demands payment of its attorneys' fees incurred in the defense of this action against Plaintiff.

Respectfully submitted,

GRANT, FRIDKIN, PEARSON, ATHAN & CROWN, P.A.

BY: _____/S/_____
Jeffrey D. Fridkin
Florida Bar No. 0490245
D. Keith Wickenden
Florida Bar No. 0897280
Pelican Bay Corporate Centre
5551 Ridgewood Drive, Suite 501
Naples, Florida 34108
(239) 514-1000
(239) 514-0377 (fax)

Attorneys for Ag-Mart Produce, Inc.

**CERTIFICATE OF SERVICE**

      I HEREBY certify that on December 26, 2007, I electronically filed the foregoing with the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Lisa A. Oonk, Esq. | Andrew B. Yaffa, Esq. |
| Michael H. Kestenbaum, Esq. | Seth Miles, Esq. |
| Litchfield Cavo LLP | Grossman Roth, P.A. |
| 5201 West Kennedy Blvd., Suite 450 | 2525 Ponce de Leon Blvd., Suite 1150 |
| Tampa, FL  33609 | Coral Gables, FL  33134 |
| (813) 289-0690 | (305) 442-8666 |
| (813) 289-0692 (fax) | (305) 285-1668 (fax) |
| Attorneys for Plaintiff | Attorneys for Francisca Herrera and Abraham Candelario |

                                                                     /S/_____
                                                                   Jeffrey D. Fridkin